## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER NGUYEN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-0242** |
| | : | |
| **MARY T. JOHNSON,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**PADOVA, J.**                                                                 **May 8, 2025**

Plaintiff Christopher Nguyen, a convicted prisoner currently incarcerated at SCI-Mahanoy, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from the 2006 investigation and prosecution of murder charges that led to his conviction and his more recent efforts to obtain information pertaining thereto. Currently before the Court are Nguyen's Complaint ("Compl." (ECF No. 2)), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Prisoner Trust Fund Account Statement (ECF No. 3.) Nguyen asserts claims against Berks County Assistant District Attorney ("ADA") Brian McDonald and ADA Mary T. Johnson, Reading Police Department employees including Detectives Jeffrey M. Reichert, Harold T. Shenk, Angel Cabrera, Doe Rodriguez, and Judy Wise, Sergeant Scott E. Shoultz, and Officer Christopher Cortazzo,[1] SCI-Waymart employees Superintendent Mark Wahl and Security Captain Eric Kosakowski, and Pennsylvania Department of Corrections ("DOC") Chief Grievance Officer D. Varner, and Assistant Chief Grievance Officer Kerry Moore. (Compl. at 2-4.) Nguyen asserts his claims against the

---

[1] The clams asserted against the Berks County ADAs and the Reading Police Department employees arise from events that occurred in 2005 and 2006. (*See* Compl.) It is not clear whether any of these individuals is still employed as described in the Complaint.

Defendants in both their individual and official capacities.  (*Id*. at 4.)  For the following reasons, the Court will grant Nguyen leave to proceed *in forma pauperis*, dismiss his claims against Varner and Moore, his individual capacity claims against McDonald and Johnson based on their role as prosecutors, and his claims seeking money damages pursuant to the Pennsylvania Constitution with prejudice.  The remainder of his Complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## I.    FACTUAL ALLEGATIONS[2]

Nguyen alleges that the events giving rise to his claims began with the June 5, 2005 death of Huey Pigford.  (Compl. at 4.)  He alleges that the investigating Reading Police Department officers and several Berks County ADAs "led him to believe" that he was responsible for the death.  (*Id*.)  Nguyen alleges that each of the named ADAs and police officers were personally involved in the investigation of the charges against him and preparation for his trial.  (*Id*. at 7-9.) He further alleges that the investigating officers and ADAs obtained his conviction using fabricated evidence.  (*Id*. at 4.)  Specifically, he alleges that at the behest of the prosecutor, Nguyen's cousin Matthew Brandford provided false testimony at Nguyen's October 31, 2005 and June 5, 2006 trials.  (*Id*.)  Brandford was, at the time, awaiting disposition of criminal charges against him in Lehigh County.  (*Id*. at 5.)  Nguyen alleges that, following his trial, his family cut ties with Brandford.  (*Id*.)

---

[2] The factual allegations set forth in this Memorandum are taken from Nguyen's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Nguyen's pleading will be corrected for clarity.  Additionally, the Court includes facts reflected in publicly available dockets, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim (quotation omitted)).

More than 13 years after his conviction, on September 9, 2019, while incarcerated at SCI Waymart, Nguyen spoke with Brandford over the telephone. (*Id*.) During that conversation, Brandford allegedly told Nguyen that he had been offered leniency on pending firearm and drug charges in exchange for providing falsified testimony at Nguyen's trial. (*Id*.) Nguyen allegedly had similar telephone conversations with Brandford on December 9, 2019, and twice on March 8, 2020. (*Id*. at 6.) He alleges that these conversations were recorded by prison officials at SCI Waymart. (*Id*.)

On March 20, 2020 Nguyen submitted a request slip to Defendant Kosakowski asking for a transcribed copy of the December 9, 2019 and March 8, 2020 telephone conversations, but received no response. (*Id*.) He repeated this request on March 27, 2020, but again received no response. (*Id*.) Nguyen alleges that on July 5, 2023, he submitted two request slips, one to Defendant Kosakowski and one to Lt. Moody (who is not a named Defendant) again requesting the transcripts of his telephone conversations with Brandford, and again he received no response. (*Id*. at 6-7.) Next, on August 20, 2023, Nguyen allegedly submitted a fourth request for the transcripts to Kosakowski, in addition to serving Kosakowski with a subpoena for the documents. (*Id*. at 7.) Again, Kosakowski did not respond. (*Id*.)

In October 2023, Nguyen was transferred to SCI Mahanoy. (*Id*.) Following his arrival there, on November 17, 2023, Nguyen alleges he submitted a grievance to be addressed by SCI Waymart Grievance Coordinator Ms. Altemeir (who is not a named Defendant), again requesting the transcripts of his telephone conversations with Brandford. (*Id*.) Altemeir allegedly denied the grievance, stating, "[t]he requested recordings have been preserved and may not be released pursuant to a subpoena or informal inmate request." (*Id*.) On December 8, 2023, Nguyen allegedly appealed the denial to Defendant Superintendent Wahl, who denied the appeal on

January 3, 2024. (*Id*.) Nguyen then filed an appeal with the Pennsylvania DOC Central Office;

on February 14, 2024, his appeal was denied by Defendants Varner and Moore. (*Id*. at 7, 9-10.)

Nguyen claims that the named Berks County ADAs and Reading Police Department

employees conspired to fabricate evidence to implicate him for murder, in violation of his

Fourteenth Amendment rights and his rights under the Pennsylvania Constitution.[3] (*Id*. at 10-

12.) He claims that Defendants Varner and Moore, by denying his grievance appeal, denied him

access to relevant legal information weighing on his guilt or innocence in violation of

Pennsylvania DOC Policies DC-ADM-003 ("Release of Information") and DC-ADM-818

("Automated Inmate Telephone System") and his Fourteenth Amendment rights.[4] (*Id*. at 12-13.)

He claims that Defendants Wahl and Kosaakowski, by denying him access to the transcripts of

his telephone conversations with Brandford, denied him access to relevant legal information

---

[3] Nguyen seeks both injunctive relief and "general damages" for his claims. (Compl. at 13-14.)
"Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private
right of action for damages stemming from alleged violation of the state constitution." *Miles v.
Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*) (citation omitted). As there is no
private right of action for damages under the Pennsylvania Constitution, Nguyen's attempt to
seek money damages on his claim under the Pennsylvania Constitution must be dismissed with
prejudice. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a
private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain
Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No
Pennsylvania statute establishes, and no Pennsylvania court has recognized, a
private cause of action for damages under the Pennsylvania Constitution." (citation omitted)).

However, Pennsylvania courts and the United States Court of Appeals for the Third
Circuit have recognized that a plaintiff may maintain a successful cause of action directly under
the provisions of the Pennsylvania Constitution for equitable remedies such as injunctive and
declaratory relief. *See Pocono Mountain Charter Sch.*, 442 F. App'x at 688 (citing *Moeller v.
Bradford Cnty.*, 444 F. Supp. 2d 316, 320-21 (M.D. Pa. 2006) and *Jones v. City of Philadelphia*,
890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006)). Nguyen requests injunctive relief, but because
the claims upon which he bases his request for that relief will be dismissed with prejudice or
dismissed without prejudice as not cognizable at this time, any claim he seeks to advance
pursuant to the Pennsylvania Constitution seeking injunctive relief, too, will be dismissed
without prejudice.

[4] Pennsylvania DOC Policies are available at https://www.pa.gov/agencies/cor/about-us/doc-
policies.html.

weighing on his guilt or innocence in violation of Pennsylvania DOC Policies DC-ADM-003 and

DC-ADM-818 and his Fourteenth Amendment rights.  (*Id*. at 13.)  Nguyen seeks release of

information pertaining to his cousin's testimony, a new trial,[5] and money damages.  (*Id*. at 13-

14.)

The publicly available docket in *Commonwealth v. Nguyen*, CP-06-CR-5541-2005 (C.P.

Berks) reflects that on June 8, 2006, Nguyen was found guilty of third-degree murder,

aggravated assault, related firearms charges, and criminal conspiracy.  *Id*. at 5 of 36.  He was

sentenced to 20 to 40 years' imprisonment on the murder and assault charges, 3 ½ to 7 years

imprisonment on the firearms charges, and 1 to 2 years on related reckless endangerment

charges.  *Id*. at 5-6 of 36.  Nguyen unsuccessfully challenged his convictions in state court

---

[5] The Court cannot provide this relief in a § 1983 action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action (citing *Preiser*, 411 U.S. at 500)); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.")  This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Accordingly, Nguyen's claims seeking a new trial must be dismissed without prejudice to him seeking this relief in a petition for writ of *habeas corpus* after exhausting available state remedies.  *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim.  Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies."); *Fontroy v. King*, Civ. A. No. 86-1501, 1986 WL 7222, at *2 n. 1 (E.D. Pa. June 24, 1986) (noting that a request for a new trial "is properly presented in a petition for a writ of habeas corpus filed after plaintiff has exhausted his state remedies" citing *Preiser*, 411 U.S. 475).

postconviction proceedings. *Id*. at 14-32 of 36. He also filed two petitions for writ of *habeas corpus* in this Court, neither of which was successful.

Nguyen filed his first petition for writ of *habeas corpus* on July 18, 2011. *See Nguyen v Commonwealth*, No. 11-4558 (E.D. Pa.). The petition was dismissed without prejudice when Nguyen failed to submit his petition on the Court's then current standard form, as ordered. *Id*. (ECF No. 3). Nguyen filed his second petition for writ of *habeas corpus* on April 7, 2023. *See Nguyen v. Wahl*, No. 23-1350 (E.D. Pa.). The petition was dismissed as untimely. *Id*. (ECF No. 28). In his second petition, Nguyen argued that the Commonwealth withheld the existence of potentially exculpatory evidence – the existence of a cooperation agreement with Brandford whereby he provided testimony at Nguyen's trial in exchange for leniency on charges then pending against him. *Id*. at ECF No. 1 at 16-17. In her Report and Recommendation, United States Magistrate Judge Elizabeth Hey explained that the petition was untimely, and that Nguyen was not entitled to an alternative start date to the limitations period by reason of a state-created impediment (withholding of information pertaining to the Commonwealth's deal with Brandford) or newly discovered evidence (the information obtained during the December 9, 2019 telephone call with Brandford). *Id*. (ECF No. 23 at 8-9). She also determined that Nguyen was not entitled to equitable tolling of the statute of limitations. *Id*. at 12. Additionally, she addressed Nguyen's actual innocence argument, noting that Nguyen did not assert actual innocence, but argued that had his attorney been in possession of information pertaining to the cooperation agreement, he could have used it to impeach Brandford's testimony, rendering Nguyen's conviction less likely. *Id*. at 14. She determined that Nguyen had not established factual innocence sufficient to overcome the limitations period. *Id*. In the Order adopting the

Report and Recommendation prepared by Magistrate Judge Hey and dismissing Nguyen's petition, the Court noted as follows:

> . . . Nguyen's actual innocence claim focuses once again on what Nguyen contends is the false trial testimony of his cousin, Matthew Branford. This matter has been thoroughly and finally adjudicated in Nguyen's Post Conviction Relief Act petitions in the state courts and Nguyen was found entitled to no relief. And, as Judge Hey found, even accepting Nguyen's claim that he did not learn of Branford's "deal" with the Commonwealth until December 9, 2019, his § 2254 petition was still not timely filed.

*Id.* (ECF No. 28 n.1).

## II.   STANDARD OF REVIEW

The Court will grant Nguyen leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim on which relief may be granted. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (citation omitted), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Nguyen is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[6] Because Nguyen is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

## III.    DISCUSSION

Nguyen asserts claims based on alleged violations of his constitutional rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020)

### A.    Claims Barred by Immunity

Nguyen asserts claims against ADAs McDonald and Johnson based on their participation in the investigation and prosecution of criminal charges against him.  Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Absolute immunity extends to prosecutorial activities such as "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), and appearing before a judge to present evidence, *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (citation omitted).  *See also id.* at 164 (3d Cir. 2020) (concluding that prosecutors were entitled to absolute immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial").  Thus, to the extent Nguyen's claims against McDonald and Johnson in their

individual capacities are based on their prosecution of the criminal charges against him, they are barred and must be dismissed with prejudice.[7]

### B.    Claims Against Varner and Moore

Nguyen's only allegation against DOC Grievance Officers Varner and Moore is that they denied his appeal from a grievance he filed based on the refusal of his request for transcripts of his telephone calls with Brandford.  However, claims based on the handling of prison grievances fail because "prisoners do not have a constitutional right to prison grievance procedures." *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (*per curiam*) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (*per curiam*)).  Accordingly, allegations such as those raised by Nguyen predicated on failures of the grievance process or improper handling of or response to grievances do not give rise to a constitutional claim.  *See Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("We agree with the District Court that because a prisoner has no free-standing

---

[7] Nguyen alleges in conclusory fashion that McDonald and Johnson participated in the investigation leading up to his prosecution. (*See* Compl. at 7-9.)  While prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case," *see Imbler*, 424 U.S. at 430-431, a prosecutor does not have absolute immunity when performing the traditionally investigative functions of law enforcement. *Buckley v. Fitzsimmons*, 509 U.S. 259, 276 (1993) (considering whether prosecutors actions in determining whether bootprint at scene of crime was that of suspect was an investigatory, administrative, or prosecutorial function, and holding that "[w]hen the functions of prosecutors and detectives are the same, as they were here, the immunity that protects them is also the same."); *Carter v. City of Philadelphia*, 181 F.3d 339, 356 (3d Cir. 1999) (noting that "a prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity) (citation omitted); *Fogle v. Sokol*, 957 F.3d 148, at *6 (3d Cir. Apr. 20, 2020) ("[W]hen prosecutors function as investigators, rather than advocates, they enjoy no right to absolute immunity." (citation omitted)).  However, to the extent that Nguyen could assert a plausible claim based on the ADAs' participation in the investigation into his crimes, such a claim could not be cognizable at this time considering Nguyen's extant conviction, as discussed below.  *See* Section D.

constitutional right to an effective grievance process, Woods cannot maintain a constitutional claim against Lucas based upon his perception that she ignored and/or failed to properly investigate his grievances." (internal citation omitted)); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (*per curiam*) (explaining that "[i]nmates do not have a constitutionally protected right to the prison grievance process" and that "a state grievance procedure does not confer any substantive constitutional right upon prison inmates" (internal quotation and citation omitted)).  Accordingly, all claims asserted against Varner and Moore must be dismissed with prejudice.

    **C.**    **Official Capacity Claims**

        **1.**    **Commonwealth Employees**

Nguyen asserts official capacity claims against DOC employees Wahl and Kosakowski. However, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages unless the state waives immunity.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.  *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  However, "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983."  *Hafer*, 502 U.S. at 31.  Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities.  *Id.*  Additionally, the Eleventh Amendment does not generally bar prospective declaratory or injunctive relief.  *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (explaining that "official-capacity actions for prospective relief are not

treated as actions against the State"); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that, in a § 1983 action, "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016) (noting that ".the Eleventh Amendment does not generally bar prospective declaratory or injunctive relief").

Nguyen seeks recovery of damages and production of transcripts of telephone calls he had with Brandford. His claims seeking money damages against the DOC employees in their official capacities will be dismissed with prejudice. His claims seeking production of the transcripts will be dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* Section D.

### 2.     Berks County and Reading Employees

Nguyen also asserts official capacity claims against the named Berks County ADAs and Reading Police Department employees.[8]  Claims against municipal employees such as the Berks County ADAs and the Reading Police Department employees that are sued in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendants, here Berks County and the City of Reading, respectively. *See Graham*, 473 U.S. at 165-66 ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

---

[8] Nguyen's individual capacity claims against these Defendants are barred by *Heck*, as discussed in Section D.

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Nguyen does not allege that he suffered a constitutional violation due to a policy or custom of Berks County or the City of Reading. Accordingly, his official capacity claims against the Berks County ADAs and the Reading Police Department employees are not plausible and must be dismissed without prejudice. Nguyen will not be granted leave to amend at this time but may amend his claims in a new civil rights complaint in the event his convictions are reversed, vacated, or otherwise invalidated.

### D.    *Heck*-Barred Claims

The Court understands that Nguyen is asserting that the Berks County ADAs and the Reading Police Department employees involved in the investigation of the murder charges falsified evidence and suborned perjury to obtain his conviction, in violation of his rights. He is also asserting that SCI Waymart employees Wahl and Kosakowski have prevented him from accessing phone transcripts that would prove that his conviction was based, at least in part, on fabricated evidence. These claims are not cognizable in a civil rights action at this time, because "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S.

74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Nguyen alleges throughout his Complaint that his conviction was based upon falsified evidence, and that he has been denied access to information that would prove this. He does not, however, allege that his conviction has been invalidated, and the publicly available docket reflects that his conviction is extant. *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]"). Indeed, he raised the issue in his federal *habeas* petition and Magistrate Judge Hey determined that the issue was thoroughly and finally adjudicated in Nguyen's Post Conviction Relief Act petitions in the state courts, which determined that Nguyen was entitled to no relief. Since success on Nguyen's claims based on his contention that his conviction was based on fabricated evidence and therefore in violation of his rights would necessarily imply the invalidity of his conviction, these claims are not currently cognizable in a § 1983 action. *See McDonough v. Smith*, 588 U.S. 109, 118, (2019) (applying *Heck* to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment").

Additionally, success on Nguyen's claims against SCI Waymart personnel based on the alleged refusal to provide transcripts of his conversations with Brandford would also necessarily imply the invalidity of his conviction because he is essentially claiming he was prevented from obtaining exculpatory evidence and seeking recovery on that basis. To award damages, the Court would need to determine that the transcripts would have been exculpatory, and therefore that the refusal to provide the transcripts caused damage. Nguyen does not identify any other

value the transcripts would have except as exculpatory evidence. Thus, claims premised on failure to provide the requested transcripts, too, are not cognizable in a § 1983 action. Accordingly, the Court will dismiss these claims without prejudice to Nguyen refiling them in a new lawsuit only in the event his convictions are ultimately invalidated.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will grant Nguyen leave to proceed *in forma pauperis*, dismiss his claims against Varner and Moore, his individual capacity claims against McDonald and Johnson based on their role as prosecutors, and his claim for money damages pursuant to the Pennsylvania Constitution with prejudice. The remainder of his Complaint will be dismissed without prejudice to Nguyen challenging his convictions in a *habeas corpus* proceeding or filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (noting that *Heck*-barred claims must be dismissed without prejudice). Leave to amend will not be given at this time because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

An appropriate Order follows.

**BY THE COURT:**

/s/ John R. Padova

_____

**JOHN R. PADOVA, J.**
