IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER NGUYEN,**  Plaintiff, | : :  : |
| v. | : :     CIVIL ACTION NO. 25-CV-0242 |
| **MARY T. JOHNSON,** *et al.*,  Defendants. | : : : |

**ORDER**

AND NOW, this 8th day of May, 2025, upon consideration of Christopher Nguyen's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Christopher Nguyen, #GT-9105, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Mahanoy or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Nguyen's inmate account; or (b) the average monthly balance in Nguyen's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Nguyen's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Nguyen's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Mahanoy.

4. The Complaint is **DEEMED** filed.

5. Nguyen's claims against D. Varner and Kerry Moore, his individual capacity claims against Brian McDonald and Mary T. Johnson based on their role as prosecutors, and his claims seeking money damages pursuant to the Pennsylvania Constitution are **DISMISSED WITH PREJUDICE**.

6. The Clerk of Court is **DIRECTED** to **TERMINATE** D. Varner and Kerry Moore as Defendants.

7. The remainder of Nguyen's Complaint is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal is without prejudice to Nguyen filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.

8. The Clerk of Court shall **CLOSE** this case.

                                                                      BY THE COURT:

                                                                      /s/ John R. Padova

                                                                      **JOHN R. PADOVA, J.**